NOT FOR PUBLICATION

FILED

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUINCY SIMS,<br><br>          Plaintiff - Appellant,<br><br>v.<br><br>M. D. BITER, Warden,<br><br>          Defendant - Appellee. | No. 15-15895<br><br>D.C. No. 1:14-cv-00131-AWI-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

California state prisoner Quincy Sims appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that defendant violated

his First Amendment rights by denying his request for a religious name change.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal on the basis of qualified immunity. *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001). We affirm.

The district court properly dismissed Sims' action for damages on the basis of qualified immunity because it would not have been clear to every reasonable official that refusing a prisoner's request for a religious legal name change was unlawful, where the inmate is a sex offender who must comply with registration and notification requirements upon release. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)).

Because we affirm the dismissal on the basis of qualified immunity, we do not address the parties' arguments regarding whether Sims pled facts sufficient to state a First Amendment claim.

We do not consider issues or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We treat Sims' motion to deny Biter's Answering Brief, filed on September 21, 2015, as a motion to strike, and deny the motion.

**AFFIRMED.**

15-15895